<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

JACKSON HEWITT INC.,

        **Plaintiff,**

        **v.**

NATIONAL TAX NETWORK, LLC, an
Arizona Limited Liability Company; and
KATHRYNE L. WARD, an individual,

        **Defendants.**

**Civil Action No. 10-5912 (ES)**

**OPINION & ORDER**

SALAS, DISTRICT JUDGE

Pending before the Court are two motions by Plaintiff Jackson Hewitt Inc.  Plaintiff's first motion seeks reinstatement of an order granting default judgment against Defendant National Tax Network, LLC ("Defendant National Tax").  (D.E. No. 38).  Plaintiff's second motion seeks attorneys' fees, costs, and disbursements against Kathryne L. Ward ("Defendant Ward").  (D.E. No. 39).  Both motions are unopposed.  For the reasons set forth below, the Court grants Plaintiff's motions.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a Virginia corporation operating principally in New Jersey. (D.E. No. 1, Complaint ("Compl.") ¶ 1).  Defendant National Tax is an Arizona limited liability company operating principally in Arizona.  (*Id.* ¶ 2).  Defendant National Tax entered into three virtually identical franchise agreements (the "Agreements") with Plaintiff to operate tax preparation businesses in Arizona under Plaintiff's brand.  (*Id.* ¶¶ 9, 31-48).  The Agreements also granted Defendant National Tax usage rights of Plaintiff's proprietary business software and methods.  (*Id.* ¶¶ 17-18).  Defendant Ward, an Arizona citizen, is a guarantor for Defendant National Tax's

obligations under the Agreements. (*Id.* ¶¶ 3, 32-35, 38-41, 44-47; Case No. 10-5108, D.E. No 42-22, Ex. 1, Schedule C ("Guaranty") at 4).[1]

On November 12, 2010, Plaintiff filed an eleven-count Complaint against Defendants National Tax and Ward. (D.E. No. 1). The Complaint asserts claims against all Defendants for federal and common law trademark infringement, federal and common law unfair competition, and breach of contract, among other claims. (Compl. at 21-24, 26-28). Additionally, the Complaint asserts a breach of guaranty claim against Defendant Ward. (*Id.* at 31).

On August 30, 2011, Magistrate Judge Joseph A. Dickson held a status conference with the parties. (*See* Case No. 10-5108, D.E. dated Aug. 30, 2011). Thereafter, on September 6, 2011, Judge Dickson ordered Defendants to answer Plaintiff's Complaint on or before September 8, 2011, serve initial disclosures on Plaintiff on or before September 15, 2011, and respond to Plaintiff's interrogatories and requests for document production on or before September 15, 2011. (Case No. 10-5108, D.E. Nos. 222, 23 (collectively, "Scheduling Order")). Judge Dickson also ordered that Defendant Ward's deposition take place on or before September 23, 2011. (*Id.*). Finally, Judge Dickson warned Defendants that "failure to follow this Order will result in sanctions pursuant to Fed. R. Civ. P. 16(f) and 37." (*Id.*).

Defendant National Tax answered Plaintiff's Complaint on September 8, 2011. (Case No. 10-5108, D.E. No. 227). However, Defendant Ward did not answer. Furthermore, both Defendants failed to comply with the remainder of Judge Dickson's Scheduling Order. (Case No. 10-5108, D.E. No. 230-3, Decl. of John F. Dienelt ¶¶ 7-8). Accordingly, on September 20, 2011,

---

[1] On November 22, 2010, the instant action was consolidated by the Court, *sua sponte*, with similar actions under Consolidated Action No. 10-5108. (D.E. No. 5). An order of deconsolidation was subsequently entered on May 30, 2012; the deconsolidation order directed the parties to file submissions under the original docket number for each individual case. (D.E. No. 6). Unless noted otherwise, all citations to docket numbers refer to the instant civil action.

Plaintiff filed a motion for sanctions and entry of default judgment against Defendants pursuant to Federal Rule of Civil Procedure 37.  (Case No. 10-5108, D.E. No. 230).  Defendants did not oppose the motion.

On October 16, 2011, before the return date of Plaintiff's motion, Defendant National Tax filed a petition in Arizona Bankruptcy Court for Chapter 7 bankruptcy protection, thus triggering an automatic stay in this case.  *See* 11 U.S.C. § 362; (Case No. 10-5108, D.E. No. 249-3, Ex. B, Bankruptcy Petition ("Bankruptcy Petition")).  Nonetheless, on November 28, 2011, while the Bankruptcy Petition was pending, Judge Cavanaugh granted Plaintiff's motion for default judgment and sanctions against Defendant National Tax.[2]  (Case No. 10-5108, D.E. No. 246, Opinion ("Op."); Case No. 10-5108, D.E. No. 247, Order Granting Motion for Default Judgment and Sanctions ("Order")).  Judge Cavanaugh's Order also included an award for attorneys' fees, costs, and disbursements against Defendants National Tax and Ward.  (Order at 2).  In granting the motion, Judge Cavanaugh pointed to Defendants' willful noncompliance.  (Op. at 7-9).  As to Defendant National Tax, Judge Cavanaugh found that National Tax had "repeatedly ignored the orders of Judge Dickson and this Court."  (*Id.* at 9).  Similarly, as to Defendant Ward, Judge Cavanaugh found that she had "repeatedly ignored, or sought to evade, the orders of both Judge Dickson and this Court."  (*Id.* at 6).  Additionally, Judge Cavanaugh observed that Defendant Ward engaged in "contumacious tactics and [a] pattern of avoidance of responsibility [that] cannot be tolerated."  (*Id.* at 4; *see also id.* at 6 ("[H]er pattern of avoidance, ignoring court orders, and filing of repetitive and dilatory motions leaves this Court with the firm impression that Ward's actions are strategic attempts to delay this litigation.")).

---

[2] On April 15, 2014, this case was reassigned from Judge Cavanaugh to Judge Faith S. Hochberg.  (D.E. No. 26).  The action was later reassigned to Judge Esther Salas on April 23, 2014.  (D.E. No. 29).

On December 14, 2011, Defendant National Tax filed a motion to vacate the default judgment, arguing that it was entitled to an automatic stay of all proceedings against it pursuant to 11 U.S.C. § 362 of the United States Bankruptcy Code.  (Case No. 10-5108, D.E. No. 249, Motion to Vacate ("Motion to Vacate"); Case No. 10-5108, D.E. No. 249-1, Memorandum in Support of Motion to Vacate Default Judgment Entered Against Defendant National Tax Network, LLC ("Def. Motion to Vacate Br.") at 1, 3-4).  Judge Cavanaugh vacated the judgment against Defendant National Tax in light of the ongoing bankruptcy proceedings.  (Case No. 10-5108, D.E. No. 253, Vacatur Order at 1-2).  However, Judge Cavanaugh denied vacatur as to Defendant Ward. (*Id.* at 2).

On February 10, 2012, Defendant National Tax's bankruptcy action was dismissed because National Tax failed to attend a mandatory creditors meeting.  (D.E. No. 38-3, Ex. A, Order Dismissing Case).  Defendant National Tax did not challenge the dismissal, and the bankruptcy action was officially closed on April 30, 2012.  (D.E. No. 38-4, Ex. B).

On January 22, 2015, Plaintiff filed a motion to reinstate the default judgment entered against Defendant National Tax.  (D.E. No. 38).  The next day, Plaintiff filed a motion for attorneys' fees, costs, and disbursements against Defendant Ward.  (D.E. No. 39).  These motions are properly before the Court and ripe for resolution.

## II.    DISCUSSION

### A.    Plaintiff's Motion for Reinstatement of Default Judgment

Plaintiff asserts that the default judgment entered against Defendant National Tax should be reinstated on the grounds that (1) the dismissal of the bankruptcy case dissolved the automatic stay and (2) Judge Cavanaugh's findings in support of the original default judgment award once

again warrant default judgment.  (D.E. No. 38-1, Brief in Support of Plaintiff Jackson Hewitt's Motion to Reinstate Default Judgment ("Pl. Br. for Reinstatement of Default Judgment") at 3-5).

First, the Court addresses the dismissal of the bankruptcy proceeding against Defendant National Tax and its effect on the instant civil action.  Congress intended "the dismissal of a [bankruptcy] case . . . 'to undo the bankruptcy case as far as practicable, and restore all property rights to [their original] position'" before the bankruptcy proceedings.  *Ingrid Malat Irrevocable Trust v. Sur. Title Corp.*, No. 10-0002, 2010 WL 3732983, at *3 (D.N.J. Sept. 16, 2010) (quoting *In re Nagel*, 245 B.R. 657, 662 (D. Ariz. 1999)).  A bankruptcy case's termination "invite[s] the continuation of whatever non-bankruptcy proceedings were already in motion."  *Id.*  Accordingly, "when a [bankruptcy] case is dismissed, the stay is terminated," and "creditors are free to exercise their rights in the debtor's assets."  *Id.* at *4 (internal quotation marks and citation omitted); *see also* 11 U.S.C. § 362(c)(2)(B) (providing that the automatic stay ends when the bankruptcy case is dismissed).  Given the dismissal of Defendant National Tax's bankruptcy case, the automatic stay in the instant case is no longer in effect.  Thus, Plaintiff is free to exercise its rights in Defendant National Tax's assets and can seek reinstatement of Judge Cavanaugh's Order granting default judgment.

Next, the Court addresses whether Plaintiff is actually entitled to reinstatement of the default judgment entered against Defendant National Tax.  Notably, Defendant National Tax never contested the merits of the default judgment award when seeking to vacate Judge Cavanaugh's Order.  Rather, Defendant National Tax's motion to vacate was based solely on the fact that its bankruptcy proceedings triggered an automatic stay in the case.  (Def. Motion to Vacate Br. at 3-4).  To date, Defendant National Tax has failed to comply with Judge Dickson's Scheduling Order and Plaintiff's discovery requests.  (*See* Pl. Br. for Reinstatement of Default Judgment at 4-5).

Because Judge Cavanaugh's findings in support of the original default judgment award remain applicable, the Court concludes that Plaintiff is entitled to reinstatement of the default judgment against Defendant National Tax.

**B.      Plaintiff's Motion for Attorneys' Fees, Costs, and Disbursements**

Plaintiff also seeks $282,480.65 in attorneys' fees, costs, and disbursements against Defendant Ward.[3]  In particular, Plaintiff seeks $281,840.65 in attorneys' fees and $640.00 in costs and disbursements.  (Pl. Br. for Attorneys' Fees at 6-7).  As noted above, Judge Cavanaugh's Order granting default judgment and sanctions against Defendants National Tax and Ward specified that Plaintiff was entitled to attorneys' fees, costs, and disbursements in an amount to be determined in further proceedings.  (Order at 2).  Judge Cavanaugh never vacated his Order with respect to Defendant Ward.  Accordingly, the Court need only determine whether Plaintiff's requested attorneys' fees, costs, and disbursements are reasonable.

The party seeking attorneys' fees has the burden of proving that the requested fees are reasonable.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (finding that a fee petitioner must submit evidence supporting hours worked and rates claimed); *see also Pub. Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995) ("The starting point in determining a reasonable hourly rate is the attorneys' usual billing rate, but this is not dispositive.").  Redundant, excessive, or unnecessary fees are not reasonable.  *Hensley*, 461 U.S. at 434.  Courts have

---

[3] The instant motion is nearly identical to the motion for attorneys' fees that Plaintiff filed on January 27, 2012, following Judge Cavanaugh's Order granting default judgment and sanctions.  (*See* Case No. 10-5108, D.E. No. 288).  The January 27, 2012 motion was filed under Case No. 10-5108 and administratively terminated in August 2012.  (Case No. 10-5108, D.E. No. 333).  On December 8, 2014, the Court held a telephone conference and directed Plaintiff to re-file the instant motion on this docket.  (D.E. No. 35).  The motion does not include fees and costs incurred since the filing of the January 2012 motion.  (*See* D.E. No. 39-1, Brief in Support of Plaintiff Jackson Hewitt Inc.'s Application for Attorneys' Fees, Costs, and Disbursements ("Pl. Br. for Attorneys' Fees") at 1 n.2).

discretion in determining the amount of a fee award.  *Id.* at 437; *Pub. Interest Research Grp.*, 51 F.3d at 1184.

Here, Plaintiff has met its burden of producing evidence supporting the hours and rates claimed by its attorneys.  Plaintiff submitted billing records itemizing the time spent litigating this action; these billing records list the attorneys' hours and rates and detail the services performed on Plaintiff's behalf.  (D.E. Nos. 39-3, 39-7).  In support of its motion, Plaintiff also submitted the declarations of John F. Dienelt, its lead counsel, and James S. Coon, its local counsel.  (D.E. No. 39-2, Declaration of James S. Coons in Support of Application for Attorneys' Fees, Costs, and Disbursements ("Coons Decl."); D.E. No. 39-6, Declaration of John F. Dienelt in Support of Application for Attorneys' Fees, Costs, and Disbursements ("Dienelt Decl.")).  Furthermore, Plaintiff submitted a 2011 National Law Journal Billing Survey, which sets forth a national sampling of law firm billing rates.  (D.E. No. 39-13).  Having considered the declarations of Plaintiff's counsel and compared the 2011 survey to the billing rates claimed, the Court finds that the attorneys' rates are reasonable.

The Court also finds that the hours billed by Plaintiff's counsel are not redundant, excessive, or unnecessary.  The hours claimed are particularly reasonable in light of Defendant Ward's "contumacious tactics," her "pattern of avoidance of responsibility," and her "filing of repetitive and dilatory motions."  (Op. at 4, 6).  According to Plaintiff, such tactics required Plaintiff "to incur substantial attorneys' fees over and above what otherwise would have been necessary to resolve this case."  (Pl. Br. for Attorneys' Fees at 5; *see also* Dienelt Decl. ¶ 6).

Where, as here, the plaintiff has demonstrated that its requested fees are reasonable, "[t]he burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended."  *See Apple Corps. v. Int'l Collectors Soc'y*,

25 F. Supp. 2d 480, 485 (D.N.J. 1998).  The adverse party must challenge a requested fee award if it wants a court to reduce the award, as courts will not do so *sua sponte*.  *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005) ("The court may not reduce an award sua sponte; rather, it can only do so in response to specific objections made by the opposing party."); *see also Stair v. Thomas & Cook*, No. 06-4454, 2009 WL 1635346, at *2 (D.N.J. June 10, 2009) ("Once the party seeking fees provides evidence of the hours worked and the rate claimed, the burden shifts to its adversary to contest, with sufficient specificity, the reasonableness of the hourly rate or the reasonableness of the hours expended." (internal quotation marks omitted)).

Significantly, Defendant Ward never opposed Plaintiff's requested fee award.  It is incumbent on Defendant Ward to challenge Plaintiff's requested award if she seeks a reduction of the award, as the Court will not do so *sua sponte*.  *See Interfaith Cmty. Org.*, 426 F.3d at 711; *Stair*, 2009 WL 1635346, at *2.  Because Plaintiff has satisfied its burden of proving that its claimed attorneys' fees are reasonable and because Defendant Ward never opposed Plaintiff's motion, the Court concludes that Plaintiff is entitled to its requested attorneys' fees in full.  Thus, the Court awards Plaintiff $281,840.65 in fees.

As noted above, Plaintiff also seeks $640.00 in costs and disbursements.  In support of its motion, Plaintiff submitted a Bill of Costs indicating that it incurred $350.00 in filing fees and $290.00 in "[f]ees for service of summons and subpoena."  (D.E. No. 39-5, Ex. C).  Having reviewed Plaintiff's submissions, the Court concludes that Plaintiff is entitled to $640.00 in costs and disbursements.

Finally, Plaintiff requests leave to supplement its motion and supporting declarations to seek additional attorneys' fees, costs, and disbursements incurred since the filing of the original

motion in January 2012.  (Pl. Br. for Attorneys' Fees at 1 n.2).  The Court grants Plaintiff's request and directs Plaintiff to submit a brief explaining why it is entitled to additional attorneys' fees, costs, and disbursements.  Plaintiff has thirty days from the date this Opinion and Order is entered on the docket to file its brief and accompanying documents.

## III.     CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motions.

Accordingly, IT IS on this 29th day of September 2015,

**ORDERED** that Plaintiff's motion for reinstatement of default judgment against Defendant National Tax, (D.E. No. 38), is GRANTED; and it is further

**ORDERED** that Plaintiff's motion for attorneys' fees, costs, and disbursements against Defendant Ward, (D.E. No. 39), is GRANTED; and it is further

**ORDERED** that Plaintiff is awarded attorneys' fees in the amount of $281,840.65; and it is further

**ORDERED** that Plaintiff is awarded costs and disbursements in the amount of $640.00; and it is further

**ORDERED** that, within thirty days of the date of this Opinion and Order, Plaintiff may file a brief and accompanying documents in support of an application for additional fees incurred since the filing of its original motion.

**SO ORDERED.**

_s/Esther Salas_
**Esther Salas, U.S.D.J.**